# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**DARLENE RODGERS**                                                                                        **PLAINTIFF**

v.                       Case No. 3:17-cv-00291-KGB

**TAURA MCDANIEL,** *et al*.                                                      **DEFENDANTS**

## ORDER

Plaintiff Darlene Rodgers brings this 42 U.S.C. § 1983 civil rights action against various defendants. Pending before the Court are several motions to dismiss. Defendants Taura McDaniel, Tonya Jones, Sylvia Ware, and Judge Ralph Wilson, Jr. filed a motion to dismiss (Dkt. No. 31). Ms. Rodgers responded to the motion (Dkt. No. 48).[1] Defendant Stephanie Smithey also filed a motion to dismiss (Dkt. No. 34). Ms. Rodgers responded to the motion (Dkt. No. 48), and Ms. Smithey replied (Dkt. No. 55). Defendants Mike Gibson, Paul Ramirez, Tyler Dunegan, Christopher Ellis, Steve Weaver, and the Osceola Police Department (collectively "Osceola defendants") filed a motion to dismiss (Dkt. No. 44). Ms. Rodgers responded to the motion (Dkt. No. 48). Defendants Desternie Sullivan and Val Price filed a motion to dismiss (Dkt. No. 50). Ms. Rodgers has not responded to that motion; however, the Court has considered her filing entitled "Second Portion of Brief" in making its determination on the pending motion (Dkt. No. 60). In addition, defendant Jeremy Bland filed a motion to dismiss (Dkt. No. 59), to which Ms. Rodgers responded (Dkt. No. 65). Defendants Greneda Johnson and Dustin Jones also filed a motion to dismiss (Dkt. No. 69). Ms. Rodgers responded (Dkt. No. 72).

---

[1] The Court notes that Ms. Rodgers' response to several motions to dismiss was not timely filed. Regardless, in ruling on the pending motions to dismiss, the Court considered Ms. Rodgers' response and other filings.

The Court has considered the entire record in this matter, including all of Ms. Rodgers' filings. For the following reasons, the Court grants the pending motions to dismiss (Dkt. Nos. 31, 34, 44, 50, 59, 69). Further, the Court denies Ms. Rodgers' motion for service, motion to appoint counsel, motion for settlement, and motion to hire out of state counsel (Dkt. Nos. 64, 71, 73, 74).

### I. Factual Background

Ms. Rodgers filed her complaint on October 26, 2017, alleging civil rights violations against defendants in their official capacities (Dkt. No. 1). She filed supplemental filings on February 13, 2018, and March 9, 2018 (Dkt. Nos. 9, 29). Ms. Rodgers' claims arise out of her arrest for domestic battery on October 28, 2014, and the subsequent termination of her parental rights (Dkt. No. 29). Ms. Rodgers alleges that defendants conspired to deprive her of her constitutional rights under the First, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution (Dkt. Nos. 1, at 7; 9, at 1). She alleges that defendants engaged in misconduct, intentional false arrest, and fabrication of evidence resulting in a loss of Ms. Rodgers' liberty (Dkt. No. 1, at 7). She further alleges that defendants showed aversion to her on account of her religion, disability, color, and national origin (*Id.*). She seeks money damages in an amount of $225,000.000, or "approximately $15,000.00 from each defendant" (*Id.*, at 9).

### II. Discussion

In their motions to dismiss, certain defendants argue that they are entitled to sovereign immunity; that separate defendants Judges Wilson and Gibson are entitled to judicial immunity; that separate defendant Mr. Jones who served as a public defender for Ms. Rodgers is not subject to Ms. Rodgers' § 1983 suit; that Ms. Rodgers' complaint fails to allege a cognizable claim against any defendant under § 1983; and that service was improper on all defendants. The Court will examine each argument in turn.

### A. Sovereign Immunity

Ms. Rodgers filed suit against all defendants in their official capacities (Dkt. No. 1, at 7). Unless a complaint contains "a clear statement that officials are being sued in their personal capacities," the court interprets the complaint as bringing only official capacity claims. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Here, there is no clear statement that any defendant is being sued in his or her personal capacity; Ms. Rodgers checked the box indicating "official capacity" for the defendants. It is clear from the language of Ms. Rodgers' complaint that she is suing defendants only in their official capacities.

The Court understands that defendants Ms. McDaniel, Ms. Jones, Ms. Ware, Judge Wilson, Judge Gibson, Ms. Sullivan, Mr. Price, Ms. Johnson, and Mr. Jones assert that they are entitled to sovereign immunity because Ms. Rodgers has sued them in their official capacities only and seeks only money damages in her lawsuit. Each of these defendants was a state official at the time of the alleged acts giving rise to Ms. Rodgers' claims.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citation omitted) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Treleven v. Univ. of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996). Section 1983 claims against the State of Arkansas and its agencies are barred by the Eleventh Amendment. *Murphy,* 127 F.3d at 754 (citing *Quern v. Jordan*, 440 U.S. 332, (1979)); *Alabama v. Pugh*, 438 U.S. 781 (1978). "Sovereign immunity deprives federal courts of jurisdiction over lawsuits brought by private citizens against states unless the state has waived its immunity or Congress has abrogated the state's immunity under a valid exercise of Congressional power." *Smith v. Beebe*, 123 Fed.Appx.

261, 262 (8th Cir. 2005) (per curiam). Arkansas has not consented to be sued in the federal courts pursuant to § 1983, nor did Congress abrogate the states' sovereign immunity when it enacted § 1983. *Id.* (citing *Will,* 491 U.S. at 66-67). However, when a state official is sued for injunctive relief, he or she "would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)); *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

Ms. Rodgers does not state a claim for injunctive relief in her complaint. She seeks only money damages against these defendants in their official capacities in the total amount of $225,000.00. Thus, Ms. Rodgers' § 1983 claims against defendants Ms. McDaniel, Ms. Jones, Ms. Ware, Judge Wilson, Judge Gibson, Ms. Sullivan, Mr. Price, Ms. Johnson, and Mr. Jones are barred by sovereign immunity. The Court dismisses with prejudice her claims against these defendants.

### B. Judicial Immunity

To the extent Ms. Rodgers seeks money damages from separate defendants Judges Wilson and Gibson, her claims also are barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Judicial immunity is broad; it is "an immunity from suit, not just from ultimate assessment of damages." *Mireles,* 502 U.S. at 11. Judicial immunity applies even where a judge is accused of acting maliciously and corruptly. *Id.* Judicial immunity applies in "all but two narrow sets of circumstances." *Schottel v. Young*, 687 F.3d 370, 373-74 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting

4

*Mireles*, 509 U.S. at 11). Based on the nature of Ms. Rodgers' allegations, the Court concludes that her claims against Judges Wilson and Gibson pertain to judicial acts and do not invoke either exception to judicial immunity. *See Schottel*, 687 F.3d at 373-74 (discussing the exceptions in more detail). As such, Ms. Rodgers' claims against separate defendants Judges Wilson and Gibson are barred by judicial immunity. The Court dismisses with prejudice her claims against these defendants.

### C. Service As A Public Defender

As a threshold matter, although the Court has addressed Mr. Jones's contention that he is entitled to sovereign immunity, the Court notes that Ms. Rodgers did not name properly Mr. Jones as a defendant in this lawsuit. Mr. Jones served as Ms. Rodgers' public defender in regard to her domestic battery charge (Dkt. No. 70, at 2). Based on the record before the Court, that charge was *nolle prossed*. Ms. Rodgers does not name Mr. Jones in her complaint or in the supplements she filed. Although she does mention by name and describe Mr. Jones' role in the events giving rise to her claims, she alleges no facts that plausibly state a claim for relief against Mr. Jones.

The United States Supreme Court has determined that a public defender in a state criminal prosecution, though paid and supervised by the State, does not act under color of state law in the normal course of conducting the defense. *Polk County v. Dodson*, 454 U.S. 312 (1981). Whether the actions taken by an attorney employed by the State constitute "state action" turns on "the nature and extent of the function" that attorney performs. *Georgia v. McCollum*, 505 U.S. 42, 54 (1992). A public defender's primary role "is to represent the individual citizens in controversy with the State." *Branti v. Finkel*, 445 U.S. 507, 519 (1980). A public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding. *Dodson*, 454 U.S. at 325. A public defender may be liable in a § 1983 case when the

5

alleged conduct clearly falls outside the scope of a public defender's actions undertaken as counsel for criminal defendants. *See, e.g., Tower v. Glover*, 467 U.S. 914 (1984) (determining public defender acted under color of state law when engaged in a conspiracy with state officials to deprive a person of federal constitutional rights); *Branti*, 445 U.S. 507 (determining public defender acted under color of state law when making hiring and firing decisions within the public defender's office).

Even if Mr. Jones had been properly named as a defendant in this action by Ms. Rodgers, her allegations involving Mr. Jones through her filings in this case do not sufficiently allege that Mr. Jones acted under color of state law. She describes her interactions with him while he was performing traditional functions as counsel to a defendant in a criminal proceeding which is not enough to impose potential § 1983 liability. For these reasons, the Court dismisses without prejudice any § 1983 claim Ms. Rodgers asserts against Mr. Jones.

### D. Municipal Liability

Ms. Rodgers alleges that Mr. Ramirez is an employee of the Osceola Water Department, and that Mr. Dunegan is a city council member for the City of Osceola, Arkansas (Dkt. No. 44, at 1). Further, Ms. Rodgers alleges that Officer Ellis and Officer Weaver are police officers at the Osceola Police Department (*Id.*).

By suing Mr. Ramirez in his official capacity, Ms. Rodgers seeks to impose liability on the municipality of Osceola. *See, e.g., Williams v. Little Rock Mun. Water Works*, 21 F.3d 218 (8th Cir. 1994). Likewise, by suing Mr. Dunegan in his official capacity as a city council member, Ms. Rodgers seeks to impose liability on the municipality of Osceola. *See, e.g., Reinhart v. City of Maryland Heights*, 930 F.Supp. 410 (E.D. Mo. 1996). With respect to the Osceola Police Department, it is not a proper entity for Ms. Rodgers' § 1983 lawsuit. The Eighth Circuit Court

6

of Appeals has previously determined that police departments are not suable entities, but instead are merely divisions of city government. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992); *see also Mosley v. Reeves*, 99 F. Supp. 2d 1048, 1053 (E.D. Mo. 2000).

To impose liability upon a municipality under 42 U.S.C. § 1983, a civil rights plaintiff must demonstrate that the conduct complained of is attributable to an unconstitutional official policy or custom. *Polk County v. Dodson,* 454 U.S. 312, 326 (1981); *Monell v. Department of Social Servs. of the City of New York,* 436 U.S. 658, 694 (1978); *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999). For municipal liability to attach, it is not enough for a § 1983 plaintiff to show that the municipality's agents or employees have violated or will violate the Constitution, for a municipality will not be held liable solely on a theory of *respondeat superior*. *Monell,* 436 U.S. at 694. Instead, the plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. Further, in general, the existence of a municipal policy, custom or practice cannot be inferred solely from the proof of a single unconstitutional incident. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability"); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 123) (1988) (explaining that an unconstitutional policy could be inferred from a single decision taken by the highest officials responsible for setting policy).

Even construing Ms. Rodgers claim and all reasonable inferences in her favor, Ms. Rodgers has not alleged facts showing that she suffered an injury caused by an unconstitutional policy or custom on the part of the City of Osceola. *See Monell,* 436 U.S. at 690-91 (plaintiff seeking to impose § 1983 liability on local government body must show official policy or widespread custom or practice of unconstitutional conduct that caused deprivation of constitutional rights). Ms.

7

Rodgers fails to state a claim against the Osceola defendants upon which relief can be granted. Thus, the Court dismisses without prejudice Ms. Rodgers' claims against the Osceola defendants.

### E. Failure To State A Claim Under Rule 12(b)(6)

All defendants who filed motions move to dismiss Ms. Rodgers' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). In determining the sufficiency of a complaint, courts review the complaint itself and any exhibits attached to the complaint. *Zink v. Lombardi*, 783 F.3d 1089, 1099 (8th Cir.) (en banc), *cert. denied*, 135 S. Ct. 2941 (2015) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). Under this standard, a complaint should be dismissed only where it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In their motions to dismiss, all defendants who filed motions maintain that Ms. Rodgers fails to state facts specific as to each defendant so as to satisfy the requirements of Rule 12(b)(6). Ms. Rodgers' complaint and subsequent filings consist of general allegations of the denial of various constitutional rights but contain insufficient factual allegations against each specific defendant to state a claim upon which relief can be granted as to that defendant. Even accepting all allegations as true and drawing all reasonable inferences in Ms. Rodgers' favor, the Court determines that Ms. Rodgers has failed to plead factual content sufficient for the Court to draw the reasonable inference that any defendant is liable for the alleged misconduct.

Further, Ms. Rodgers alleges a conspiracy claim against defendants. To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: (1) that the defendant conspired with others to deprive him or her of a constitutional right; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *Askew v. Millard*, 191 F.3d 953,957 (8th Cir. 1999). Ms. Rodgers' complaint is devoid of factual allegations; instead, it consists of conclusory statements insufficient to state a claim for relief against any individual defendant for conspiracy under § 1983.

Specifically in regard to separate defendant Ms. Smithey, in her complaint, Ms. Rodgers lists Ms. Smithey, "Principal," as a defendant in her official capacity (Dkt. No. 1, at 6). Unless a complaint contains "a clear statement that officials are being sued in their personal capacities," the court interprets the complaint as bringing only official-capacity claims. *Murphy,* 127 F.3d at 754. Here, there is no clear statement that Ms. Smithey is being sued in her personal capacity; Ms. Rodgers checked the box "official capacity" in her listing of Ms. Smithey as a defendant. Thus, the Court will analyze Ms. Rodgers' claims against Ms. Smithey in her official capacity only.

"An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 155 (1985). Claims against school officials in their official capacities are in reality claims against the school district. *Burlison v. Springfield Pub. Sch.,* 708 F.3d 1034, 1038 (8th Cir. 2013) (citing *Johnson,* 172 F.3d at 535). To succeed on a § 1983 claim against a school district, Ms. Rodgers must prove that the district acted under color of state law in a manner that deprived her of a constitutionally protected federal right. *Van Zee v. Hanson,* 630 F.3d 1126, 1128 (8th Cir. 2011).

Aside from her assertion that Ms. Smithey's job title or position is "principal," Ms. Rodgers has not pleaded any facts to support that Ms. Smithey is a school official and, if so, in which school district Ms. Smithey works. Further, she alleges no facts regarding Ms. Smithey's alleged involvement in the events giving rise to her claims. After careful review of Ms. Rodgers' filings, the Court determines that Ms. Rodgers makes no allegations specific to Ms. Smithey in her complaint. The only reference to Ms. Smithey in Ms. Rodgers' complaint is Ms. Rodgers' listing of Ms. Smithey as a defendant. In her untimely response to Ms. Smithey's motion to dismiss, Ms. Rodgers asserts for the first time that Ms. Smithey made "smart comments" to her regarding Ms. Rodgers' son's discipline, claims that Ms. Smithey spread rumors that Ms. Rodgers was dangerous, and maintains that Ms. Smithey tricked Ms. Rodgers into coming to her son's school where she was subsequently arrested (Dkt. No. 48, at 11-12). Even drawing all favorable inferences in Ms. Rodgers' favor, the Court determines that Ms. Rodgers has failed to plead factual content sufficient for the Court to draw the reasonable inference that Ms. Smithey is liable for the alleged deprivation of Ms. Rodgers' constitutional rights or an alleged conspiracy. Ms. Rodgers fails to state a plausible claim for relief against Ms. Smithey.

Specifically in regard to Mr. Bland, he argues that Ms. Rodgers' complaint alleges a conspiracy plotted by all defendants but maintains that she does not allege facts as to how Mr. Bland was involved in the alleged conspiracy (Dkt. No. 59-1, at 3). After careful review of Ms. Rodgers' complaint and her supplemental filings, the Court determines that Ms. Rodgers fails to state a claim against Mr. Bland. In her complaint, Ms. Rodgers characterizes Mr. Bland as "my ex-attorney" and as a defendant in his official capacity (Dkt. No. 1, at 6).

The Court singles out for discussion Ms. Smithey and Mr. Bland. The same analysis applies to each of the moving defendants. Even drawing all favorable inferences in Ms. Rodgers' favor, the Court determines that Ms. Rodgers has failed to plead factual content sufficient for the Court to draw the reasonable inference that any one of the moving defendants is liable for the alleged misconduct. Ms. Rodgers' complaint is devoid of factual allegations and instead consists of conclusory statements insufficient to state a claim for relief. As such, the Court dismisses Ms. Rodgers' complaint for failure to state a claim pursuant to Rule 12(b)(6).

### F. Insufficient Service of Process Under Rule 12(b)(5)

Further, Ms. Rodgers failed to serve the moving defendants in accordance with Federal Rule of Civil Procedure 4. The Federal Rules of Civil Procedure allow a court to dismiss an action for "insufficiency of service." Fed. R. Civ. P. 12(b)(5). The plaintiff bears the responsibility "for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Additionally, the plaintiff is responsible for serving a defendant "within 90 days after the complaint is filed" or within a specified time ordered by the court; otherwise, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant." Fed. R. Civ. P. 4(m). Rule 4(m) of the Federal Rules of Civil Procedure provides for an exception to the

90 day service requirement if a plaintiff shows good cause for failure to serve a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m).

By prior Order, the Court extended Ms. Rodgers' time to serve defendants to March 12, 2018 (Dkt. No. 8). The Court then extended the service period to March 18, 2018, based upon Ms. Rodgers' request (Dkt. No. 47).

Federal Rule of Civil Procedure 4(c)(1) provides that a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). While "federal courts have not been strict in interpreting the requirement that the summons and complaint be served together . . . there are limits to what deviations from Rule 4(c)(1) will be excused by the court." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1093 (4th ed.). "It is clear, for example, that even though a copy of the complaint is on file at the clerk's office, service of a summons without a copy of the complaint is not effective service." *Id*. Dismissal of a complaint is not "invariably required where service is ineffective: under such circumstances, the court has discretion to either dismiss the action, or quash service but retain the case." *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976).

All moving defendants maintain that Ms. Rodgers served them with summons and a copy of the one-page supplement to her complaint. Ms. Rodgers submits that service was proper because she served summons and "a form that says how the Plaintiff was hurt, who hurt her, and how much [ ] damages were done." (Dkt. No. 48, at 2). It is unclear if Ms. Rodgers intended the supplement to serve as an amended complaint. Ms. Rodgers filed her original 15-page form complaint, including attachments, on October 26, 2017 (Dkt. No. 1), and filed a one-page supplemental filing on February 13, 2018 (Dkt. No. 9). Later, on March 9, 2018, she filed another

supplemental filing with numerous attachments (Dkt. No. 29). Neither of the supplemental filings repeated or reasserted all allegations made by Ms. Rodgers in her original complaint.

Given the facts and circumstances of this case, the Court determines that Ms. Rodgers has not properly served the moving defendants, and the time for doing so has passed. Even if Ms. Rodgers demonstrated to the Court that good cause exists for her failure to serve properly the moving defendants, which Ms. Rodgers has not done, her claims against the moving defendants fail for the reasons explained above.

### G. Ms. Rodgers' Pending Motions

Also pending before the Court are a motion for service, a motion to appoint counsel, a motion for settlement, and a motion to hire out of state counsel filed by Ms. Rodgers (Dkt. Nos. 64, 69, 73, 74). In her motion for service, Ms. Rodgers seeks additional time to serve defendant Chelsea Fifi (Dkt. No. 64). She further seeks to have counsel for defendant Jeremy Bland barred from representing Mr. Bland in this matter (*Id*.). The Court denies without prejudice the motion (Dkt. No. 64). This matter commenced on October 26, 2017. The Court has twice extended Ms. Rodgers' time to serve the defendants. As such, Ms. Rodgers has had ample opportunity to serve the defendants in this matter. The Court denies as moot Ms. Rodgers' request regarding Mr. Bland's counsel. For the reasons set forth in this Order, the Court dismisses Mr. Bland as a defendant in this matter.

The Court further denies without prejudice Ms. Rodgers' motion for settlement (Dkt. No. 73). Defendants Ms. McDaniel, Ms. Jones, Ms. Ware, Judge Wilson, Ms. Smithey, Judge Gibson, Mr. Ramirez, Mr. Dunegan, Mr. Ellis, and Mr. Weaver filed responses in opposition to the motion (Dkt. Nos. 76, 77, 78). The Court has dismissed these defendants as parties to this matter. Settlement negotiations are inappropriate at this time.

The Court further denies without prejudice Ms. Rodgers' motion for appointment of counsel (Dkt. No. 71). Ms. Rodgers has no constitutional right to appointed counsel in this case. The factors to consider in deciding whether to appoint counsel in a civil case are whether: (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel. *Slaughter v. Maplewood,* 731 F.2d 587, 590 (8th Cir. 1984). Ms. Rodgers has filed a motion requesting to hire out-of-state counsel and has indicated to the Court that she is capable of retaining such counsel (Dkt. No. 74). Further, the Court has doubts as to the factual basis for Ms. Rodgers' lawsuit and has dismissed for the reasons set out in this Order many of the defendants in this matter due to Ms. Rodgers' failure to allege facts sufficient to state a claim. As such, the Court denies her motion for the appointment of counsel.

The Court denies as moot Ms. Rodgers' motion to hire out of state counsel in this matter (Dkt. No. 74). Should Ms. Rodgers' wish to hire an attorney outside the state of Arkansas, she may do so without an Order issued by the Court. Ms. Rodgers' out of state counsel may then request permission of the Court to enter an appearance *pro hac vice* if necessary.

**III.     Conclusion**

For these reasons, the Court dismisses with prejudice based on sovereign immunity Ms. Rodgers' claims against Ms. McDaniel, Ms. Jones, Ms. Ware, Judge Wilson, Judge Gibson, Ms. Sullivan, Mr. Price, Ms. Johnson, and Mr. Jones. The Court dismisses without prejudice Ms. Rodgers' claims against Ms. Smithey, Mr. Ramierz, Mr. Dunegan, Mr. Ellis, Mr. Weaver, the Osceola Police Department, and Mr. Bland. Further, the Court denies Ms. Rodgers' motion for

service, motion to appoint counsel, motion for settlement, and motion to hire out of state counsel (Dkt. Nos. 64. 71, 73, 74).

So ordered this the 17th day of August, 2018.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge